**FILED**

MAY 1 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEVIN T. GIVENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. **12 0756** |
| | ) | |
| LOFTNESS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* Petition Pursuant to the All Writs Act and/or Petition Pursuant to Title 28 U.S.C. § 2241. The Court will grant the application and dismiss the petition.

Petitioner alleges that he erroneously "was designated [an] Armed Career Criminal," Pet. at 2, "[e]ven though the offenses are separate in time," a "single court proceeding encompassed all of the offenses, and the sentences were all concurrent to each other." *Id.* at 5. He claims to be "actually innocent of the Armed Career Offender status," *id.*, such that the sentencing court imposed a sentence of "200 months in prison for an offense that had a maximum sentence of 120 months," *id.* at 4. Petitioner requests "relief in the form of resentencing to the appropriate sentence." *Id.* at 1.

The Court construes the petition as a challenge to the legality of the criminal sentence. A challenge of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added).  This Court did not impose petitioner's sentence, and, therefore, it lacks authority to vacate or correct it.[1]  Accordingly, the petition will be denied without prejudice.

An Order accompanies this Memorandum Opinion.

DATE: *April 30, 2012*

_____
United States District Judge

---

[1]     A PACER search reveals that petitioner was tried, convicted and sentenced in the United States District Court for the Western District of Missouri.  *See* Judgment in a Criminal Case, *United States v. Givens*, No. 4:04-cr-.039 (W.D. Mo. filed June 28, 2005).